**Harris County Docket Sheet**

# 2019-81551

**COURT:**    125th

**FILED DATE:**   11/8/2019

**CASE TYPE:**   Debt/Contract - Consumer/DTPA



### WALOON INVESTMENT INC DBA CLAIRON HOTEL

**Attorney: HODGE, SHAUN WESLEY**

### vs.

### HAMILTON SPECIALTY INSURANCE COMPANY

**Attorney: HARMON, JAMES RICHARD**

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

EXHIBIT B

12/30/2019 6:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39569914
By: JIMMY RODRIGUEZ
Filed: 12/30/2019 6:33 PM

## CAUSE NO. 2019-81551

| | | |
|---|---|---|
| **WALOON INVESTMENT, INC.** | § | **IN THE DISTRICT COURT OF** |
| **d/b/a CLARION HOTEL** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HAMILTON SPECIALTY** | § | |
| **INSURANCE COMPANY** | § | **125ᵀᴴ JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Blackboard Specialty Insurance Company formerly known as Hamilton Specialty Insurance Company ("Blackboard"), files this Original Answer to Plaintiff's Original Petition, and would respectfully show the following:

## I.   GENERAL DENIAL

Blackboard asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff Greatland Center d/b/a Greatland Investment, Inc. ("Plaintiff") be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

## II.   DISCOVERY PLAN:  LEVEL TWO

Blackboard asserts that Level Two discovery is appropriate in this case.

## III.   SPECIAL EXCEPTIONS

### FIRST SPECIAL EXCEPTION
### Breach of Contract

Blackboard specifically excepts to Plaintiff's Original Petition because it only vaguely and generically alleges that it breached its contract of insurance. The vague and indefinite breach of contract claim fails to:  (1) provide fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiff's alleged loss was covered

under the terms of the insurance contract at issue; or (3) provide fair notice of the acts and/or omissions by Blackboard which allegedly could amount to a breach of its contractual obligations, if any, to Plaintiff.

## SECOND SPECIAL EXCEPTION
### Bad Faith Claims

Blackboard specially excepts to Plaintiff's Original Petition because Plaintiff fails to plead all of the elements of its alleged cause of action for breach of the duty of good faith and fair dealing. As a result, Plaintiff should be required to file an amended pleading which sets for the elements and facts and evidence in support of Plaintiff's claim for bad faith, as well as all related damages.

## THIRD SPECIAL EXCEPTION
### Chapter 541

Blackboard specially excepts to Plaintiff's Original Petition because Plaintiff's Chapter 541 claims are deficient. The elements of a cause of action under Chapter 541 are: (1) the plaintiff is a "person" as defined by Texas Insurance Code §541.002; (2) the defendant's acts or practices violated a section of the Insurance Code, §17.46(b) of the Texas Business & Commerce Code, or violated a tie-in provision of the DTPA; and (3) defendant's acts were a producing cause Plaintiff's damages.

Plaintiff generically alleges that Blackboard violated subparts of §541 but fail to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §541 violations, as well as all related damages.

## FOURTH SPECIAL EXCEPTION
### Chapter 542

Blackboard specially excepts to Plaintiff's Original Petition because Plaintiff's Chapter 542 claims are deficient. Plaintiff generically alleges that Blackboard violated subparts of §542

but fail to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §542 violations, as well as all related damages.

**FIFTH SPECIAL EXCEPTION**
**DTPA Violations**

Blackboard specially excepts to Plaintiff's Original Petition because its assertions under the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") are deficient. Specifically, Plaintiff fails to provide Blackboard with fair notice of the facts and circumstances supporting the alleged DTPA violations in the Petition.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claims and alleged damages.

**IV.   AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**Policy Terms and Conditions**

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to the applicable Policy limit and deductible. Blackboard hereby incorporates the terms of its Policy by reference.

**SECOND AFFIRMATIVE DEFENSE**
**Failure to State a Claim**

Plaintiff's causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted.  Plaintiff fails to describe how Blackboard's alleged breach of the insurance contract would convert Plaintiff's contractual claim into any other causes of action including, but not limited to, breach of the duty of good faith and fair dealing or a violation of the Texas Insurance Code.

### THIRD AFFIRMATIVE DEFENSE
### Concurrent Causation

Plaintiff's recovery is barred by the doctrine of concurrent causation because it cannot segregate between the damages caused by covered and non-covered perils.  *JAW The Pointe, LLC v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015).

### FOURTH AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"

As to Plaintiff's extra-contractual claims alleging "bad faith", a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits from Blackboard, and Blackboard possesses the right to value claims differently from those asserting claims under the Policy without facing bad faith liability.

### FIFTH AFFIRMATIVE DEFENSE
### Absence of Coverage Precludes Extra-Contractual Liability

Plaintiff has not suffered any damages that are recoverable under any extra-contractual theory of liability.

### SIXTH AFFIRMATIVE DEFENSE
### Failure to Mitigate/ Contributory Negligence

Plaintiff is barred from any recovery, in whole or in part, due to its failure to mitigate the alleged damages and its own contribution to the alleged damages.  Because of Plaintiff's failure to mitigate damages, it is precluded from recovering any damages that would have been prevented and/or mitigated.

### SEVENTH AFFIRMATIVE DEFENSE
### Waiver and Estoppel

Plaintiff has waived and/or is estopped from asserting the claims against Blackboard in Plaintiff's Original Petition.

### EIGHTH AFFIRMATIVE DEFENSE
### Conditions Precedent

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to showing a covered loss.

### NINTH AFFIRMATIVE DEFENSE
### Limit of Liability

Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy, a copy of which has been produced.

### TENTH AFFIRMATIVE DEFENSE
### Offset and/or Credit

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiff must be offset by all prior payments tendered to Plaintiff for the claims forming the basis of its claims and by all payments and credits otherwise available.

### ELEVENTH AFFIRMATIVE DEFENSE
### Contractual and Statutory Limitations

Any recovery by Plaintiff is subject to the contractual limitations under the policy and/or the statutory limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

### TWELFTH AFFIRMATIVE DEFENSE
### Punitive and Exemplary Damages

Blackboard invokes and asserts all applicable limitations upon punitive damages, exemplary damages, and additional damages, including, but not limited to, those contained in the applicable statues under which it is being sued, Texas Civil Practice and Remedies Code Chapter 41, and the United States and Texas Constitutions.  Also, to the extent that additional damages or punitive damages or penalty interest are awarded, more than one of them cannot be awarded for

the same conduct and/or based on the same damages as such multiple awards would be multiple punishments for the same actions.

## V.   **PRAYER**

Blackboard requests that Plaintiff takes nothing by its claims and that Blackboard be granted any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _/s/ Richard Harmon_
  RICHARD HARMON
  Texas State Bar No.  09020700
  rharmon@thompsoncoe.com
  CHRISTOPHER H. AVERY
  Texas State Bar No. 24069321
  cavery@thompsoncoe.com
  ALEXA GOULD
  Texas State Bar No. 24109940
  agould@thompsoncoe.com
  One Riverway, Suite 1400
  Houston, Texas 77056
  Telephone:  (713) 403-8210
  Facsimile:  (713) 403-8299

*Counsel for Defendant*
*Blackboard Specialty Insurance Company*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of December, 2019, a true and correct copy of the foregoing instrument was served via the Court's electronic notification system on the following counsel of record:

Shaun W. Hodge
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
shodge@hodgefirm.com
**Counsel for Plaintiff**

*/s/*    ***Christopher H. Avery***
CHRISTOPHER H. AVERY

7

Marilyn Burgess - District Clerk Harris County
Envelope No. 38360764
By: Joshua Carroll
Filed: 11/8/2019 3:26 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| **WALOON INVESTMENT, INC.** | § | **IN THE DISTRICT COURT OF** |
| **DBA CLAIRON HOTEL** | § | |
|    **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **HAMILTON SPECIALTY** | § | |
| **INSURANCE COMPANY** | § | |
|    **Defendant** | § | |
| | § | **HARRIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WALOON INVESTMENT, INC. D/B/A CLAIRON HOTEL (hereinafter referred to as "Plaintiff"), and file this _Plaintiff' Original Petition_, complaining of, HAMILTON SPECIALTY INSURANCE COMPANY ("Hamilton" or "Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

**DISCOVERY CONTROL PLAN**

1.    Plaintiff intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

**PARTIES**

2.    Plaintiff is a limited liability company organized and operating under the laws of the State of Texas.

3.    Defendant, Hamilton Specialty Insurance Company, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  The Defendant may be served with process in accordance with

Chapter 804 of the Texas Insurance Code and in accordance with the Services of Process instructions in the insurance policy issued by the Defendant by serving the Commissioner of Insurance at the Texas Department of Insurance, by certified mail, return receipt at 333 Guadalupe, Austin, Texas 78701.  In accordance with the Service of Suit clause in the insurance policy, having accepted services of process, the Commissioner of Insurance is authorized to mail the process to the Corporate Secretary of Hamilton Specialty Insurance Company, 1209 Orange Street, Wilmington, DE 19801.

### JURISDICTION AND VENUE

4.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.   Plaintiff is seeking monetary relief over $1,000,000 but not over $2,500,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.  Plaintiff reserves the right to amend the petition during or after the discovery process.

5.   The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff' causes of action arise out of this Defendant's business activities in the State of Texas.

6.   Venue is proper in Harris County, Texas, because the insured Property at issue are situated in this county and the events giving rise to this lawsuit occurred in this county.

### FACTS

7.   Plaintiff is the owner of insurance policies WKHSPR-00647-01 and WKHSPR-00647-02 (hereinafter the "Policies"), which were issued by Defendant.

8.   Plaintiff owns the insured Property, which are specifically located at 6885 Southwest Freeway, #130, Houston, Texas 77074.

---

9.      Defendant sold the Policy to Plaintiff insuring the Property.

10.     On or about August 25, 2017, the winds from Hurricane Harvey caused severe damage to the insured Property.

11.     Plaintiff submitted a claim to Defendant against the Policies for damages which the Property sustained as a result of the windstorm.  Upon information and belief, Defendant assigned claim numbers.  The claim numbers assigned were HUSA-0411A9 and HUSA-0436A9.

12.     Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff' claim was improperly adjusted.   The mishandling of Plaintiff' claim has also caused a delay in Plaintiff' ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

14.     As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant underpaid some of Plaintiff' claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

---

15.   To date, Defendant continues to delay in the payment for the damages to the Property.  As such, Plaintiff have not been paid in full for the damages to the Property.

16.   Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

17.   Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

18.   Defendant failed to make an attempt to settle Plaintiff' claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

19.   Defendant failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff' claim.  Defendant's

conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

20.    Defendant failed to affirm or deny coverage of Plaintiff' claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

21.    Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff' losses on the Property.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

22.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff' claim, beginning an investigation of Plaintiff' claim, and requesting all information reasonably necessary to investigate Plaintiff' claim, within the statutorily mandated time of receiving notice of Plaintiff' claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

23.    Defendant failed to accept or deny Plaintiff' full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

24.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff' claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

25.     From and after the time Plaintiff' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.     As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

### CAUSES OF ACTION

28.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

**BREACH OF CONTRACT**

29. The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

30. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

31. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

32. The Defendant's breach proximately caused Plaintiff' injuries and damages.

33. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

34. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

35. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

36. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

37.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code §541.060(a)(3).

38.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code §541.060(a)(4).

39.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code §541.060(a)(7).

40.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff' injuries and damages.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS**

41.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice.   The Defendant is liable for the Claim.   Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.   All violations made under this article are made actionable by Tex. Ins. Code §542.060.

42.   Defendant's failure to acknowledge receipt of Plaintiff' claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

43.   Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

44.   Defendant's delay of the payment of Plaintiff' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

45.   Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff' injuries and damages.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

46.   The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

47.   Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

48.   Defendant's conduct proximately caused Plaintiff' injuries and damages.

**VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT**

49. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

50. Plaintiff are "consumers" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

51. The Defendant committed numerous violations of the Texas DTPA insofar as Defendant:

   a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

   e) Violated the provisions of the Texas Insurance Code described herein.

52. The Defendant took advantage of the Plaintiff' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff' detriment.  The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration.  As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages.  In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff' damages for economic relief.

### DAMAGES

53. Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.  Plaintiff respectfully request the Court and jury award the amount

of loss Plaintiff has incurred in the past and will incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

54.  Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.  The damages caused by the windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff' claim in violation of the laws set forth above.

56.  For breach of contract, Plaintiff are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

57.  For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times actual damages.  Tex. Ins. Code §541.152.

58.      For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59.      For breach of the common law duty of good faith and fair dealing, Plaintiff are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.      For violations of the Deceptive Trade Practices Act, Plaintiff are entitled to recover actual damages and up to three times Plaintiff' damages for economic relief, along with attorney's fees, interest and court costs.

61.      For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff are entitled to recover a sum for the reasonable and necessary services of Plaintiff' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62.      Plaintiff are not making any claims for relief under federal law.

## JURY DEMAND

63.      Plaintiff request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiff' Original Petition*.

## REQUEST FOR DISCLOSURE

64.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: _____
   Shaun W. Hodge
   Texas Bar No. 24052995
   **The Hodge Law Firm, PLLC**
   Old Galveston Square Building
   2211 Strand, Suite 302
   Galveston, Texas 77550
   Telephone: (409) 762-5000
   Facsimile: (409) 763-2300
   Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF

11/8/2019 3:26:47 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38360764
By: CARROLL, JOSHUA D
Filed: 11/8/2019 3:26:47 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiff's Original Petition

**FILE DATE:** 11-08-2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Hamilton Specialty Insurance Company

Address of Service:  1209 Orange Street

City, State & Zip:  Wilmington, DE 19801

Agent (if applicable)  Corporate Secretary of Hamilton Specialty Insurance Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [ ] **Citation**  [ ] **Citation by Posting**  [ ] **Citation by Publication**  [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**  Newspaper _____
- [ ] **Temporary Restraining Order**  [ ] **Precept**  [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**  [ ] **Capias (not an E-Issuance)**  [ ] **Attachment**
- [ ] **Certiorari**  [ ] **Highway Commission ($12.00)**
- [X] **Commissioner of Insurance ($12.00)**  [ ] **Hague Convention ($16.00)**  [ ] **Garnishment**
- [ ] **Habeas Corpus**  [ ] **Injunction**  [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:  shodge@hodgefirm.com    bbethscheider@hodgefirm.com
- [ ] **ATTORNEY PICK-UP (phone)** _____  [X] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney at:** _____  **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**  *Note*: The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**  used to retrieve the E-Issuance Service Documents.
  Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Shaun W. Hodge    Bar # or ID  24052995

Mailing Address:  2211 Strand Street, Suite 302, Galveston, TX 77550

Phone Number:  409-762-5000